IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARIN D. HARRIS, #939000 <br>     Plaintiff, <br><br> v. <br><br> PROSPERITY BANK, <br>     Defendant. | § § § § § § § § § |

No. 3:22-cv-01525-K (BT)

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    This is a *pro se* civil action brought by Plaintiff Darin D. Harris, a state prisoner. Harris initiated this civil action by filing a two-paged, handwritten letter addressed to Karen S. Mitchell, the Clerk of Court for the Northern District of Texas. The letter states that it is regarding the "Filing A Criminal Complaint With The Federal District Attorney." Compl. 1 (ECF No. 3). In the letter, Harris explains that he previously sent a criminal complaint to the "Federal District Attorney." *Id.* He further explains that he is not trying to create enemies, but he needs for someone to investigate his criminal complaint about Prosperity Bank because they have "wronged" him. *Id.* Harris claims that this Court has jurisdiction over the case because Prosperity Bank is insured federally under the Federal Deposit Insurance Corporation (FDIC). On July 15, 2022, the Court sent Harris a Notice of Deficiency and Order (ECF No. 5), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), on a court-approved

form, and to pay the filing fee or file a motion to proceed *in forma pauperis* in this case. The Order further informed Harris that failure to respond and cure the deficiencies by August 15, 2022, could result in a recommendation that his case be dismissed. Harris has not filed any response, and he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's July 15, 2022 Order. Therefore, this case should be dismissed without prejudice pursuant to [Federal Rule of Civil Procedure 41(b)](#).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *[Griggs v. S.G.E. Mgmt., L.L.C.,](#)* [905 F.3d 835, 844 (5th Cir. 2018)](#) (citing *[McCullough v. Lynaugh,](#)* [835 F.2d 1126, 1127 (5th Cir. 1988)](#) (per curiam)); *accord [Nottingham v. Warden, Bill Clements Unit,](#)* [837 F.3d 438, 440 (5th Cir. 2016)](#) (failure to comply with a court order); *[Rosin v. Thaler,](#)* [450 F. App'x 383, 383-84 (5th Cir. 2011)](#) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *[Boudwin v. Graystone Ins. Co., Ltd.,](#)* [756 F.2d 399, 401 (5th Cir. 1985)](#) (citing *[Link v. Wabash, R.R. Co.,](#)* [370 U.S. 626 (1962)](#)).

Here, Harris has failed to comply with the Court's order to file his complaint in compliance with Rule 8(a), submit his claims on a court-approved form, and pay the filing fee or file a motion to proceed *in forma*

2

*pauperis*. This litigation cannot proceed until he cures these deficiencies. Harris has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Harris's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 16, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).